OPINION
Defendant Clyde L. Ward, Jr., appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which convicted and sentenced him for four counts of rape in violation of R.C. 2907.02 and one count of intimidating a witness in a criminal case, a violation of R.C. 2921.04, after a jury trial. Appellant was acquitted of corrupting another with drugs and the State dismissed a count of disseminating matter harmful to juveniles. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT CONSECUTIVELY ON COUNT'S ONE AND TWO AND SIX.
 II. THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
The trial court sentenced appellant to life imprisonment on four counts of rape, as mandated by R.C. 2907.02. The court sentenced appellant to an indefinite term of two years on the intimidation count, and ordered the first two counts of rape and the intimidation count be run consecutively.
Appellant argues the consecutive sentences were improper, because the trial court does not make necessary findings pursuant to R.C. 2929.14.
R.C. 2929.14 provides in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 (5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed.
Our standard of reviewing a trial court's decision of sentencing is to determine whether we can clearly and convincingly find the position of consecutive sentences was contrary to law.
In Moran, this court held we must consider the trial court's findings in its judgment entry taken together with any findings made at the sentencing hearing, Moran at 3.
At the sentencing hearing, the trial court found the harm that was caused was great or unusual, and appellant's criminal history requires consecutive sentencing. The court found consecutive sentences were not disportionate to the seriousness of the conduct or the danger that appellant posed. The court also found appellant posed the greatest likelihood of recidivism. The court found the purpose of its consecutive sentencing was to punish appellant and protect the public from future crime, and found appellant had prior felony convictions. The court concluded the harm caused was so great or unusual the single prison term would not adequately reflect the seriousness of appellant's conduct.
Our review of the findings made at the sentencing hearing convinces us the trial court fulfilled the requirements of R.C. 2929.14 in formulating appellant's sentences.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the jury's verdict was against the manifest weight of the evidence.
Appellant characterizes the State's evidence as consisting completely of the testimony of a nine-year boy. Appellant urges in his testimony, the child uses words which are inconsistent with his age, and certain aspects of the child's testimony are simply incredible. Appellant argues the child contradicted himself, and testified to facts which could have been corroborated by physical evidence. The State did not introduce medical evidence to corroborate the child's testimony.
In reviewing a claim that a jury's verdict is against the manifest weight of the evidence, the court of appeals must examine the entire record, weigh the evidence and reasonable inferences, and consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. We should do so only in the exceptional case where the evidence weighs heavily against the conviction, State v.Thompkins (1997), 78 Ohio St.3d 380 at 387, citations deleted. Issues regarding the weight of the evidence and credibility of the witnesses are primarily for the trier of fact, because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility,State v. DeHass (1967), 10 Ohio St.2d 230, syllabus by the court, paragraph one.
We have reviewed the record, and we find the State presented sufficient competent and credible evidence from which the jury could conclude the State prove each of the elements of the offenses charged beyond a reasonable doubt. We conclude the jury's verdict is not against the manifest weight of the evidence.
The second assignment of error is overruled.
GWIN, P.J., FARMER, J., and BOGGINS, concur.
 JUDGEMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.